# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SILVA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIE B. KELLY, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00829-AWI-SAB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Frank Silva, proceeding pro se, filed the complaint in this action on June 15, 2016. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

1

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted). Plaintiff brings this action alleging federal question jurisdiction.

Plaintiff's allegations in this action resolve around the filing of his tax returns. Plaintiff states that he hired Robert Puffer to file his 2012 tax return. When following up over a period of months, Mr. Puffer told Plaintiff he needed to provide bank statements. Mr. Puffer eventually said he was too busy to complete the tax return, so Plaintiff took his taxes to Gilbertos Tax to have his tax returns completed. Gilbertos told him they needed more bank statements which he provided to them. Gilbertos only completed his 2012 and 2013 taxes and requested more bank statements. Gilbertos completed his 2014 taxes and found that he owed $24,600.00. Plaintiff

1 questioned the amount owed so took his taxes to Garcia's Bookkeeping for an amended 2014
2 return and to complete his 2015 taxes. In his request for damages, Plaintiff states he asked Marie
3 Kelly for a copy of his 2012 tax return and she told him she would give him a copy if he
4 dismissed his small claims action. It is unclear from the complaint what Plaintiff's claims are in
5 this action.

6   Plaintiff's allegations in this action do not provide a cause of action based upon federal
7 law. Plaintiff is advised that the fact that his injury might involve his federal tax liability does
8 not establish jurisdiction to adjudicate claims against his tax preparers. For this action to arise
9 under federal law, Plaintiff must establish that "federal law creates the cause of action" or his
10 "asserted right to relief depends on the resolution of a substantial question of federal law."  K2
11 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011).

12   Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
13 pleading once as a matter of course at any time before a responsive pleading is served.
14 Otherwise, a party may amend only by leave of the court or by written consent of the adverse
15 party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a)
16 is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource
17 Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P.
18 15(a)).

19   Plaintiff shall be granted an opportunity to amend his complaint to cure the deficiencies
20 identified in this order. Plaintiff is advised that in his amended complaint he must identify the
21 basis for federal jurisdiction in this action, set forth sufficient facts for the court to infer that his
22 federal rights were violated, and must state the relief requested.

### III.

### CONCLUSION AND ORDER

25 Based on the foregoing, IT IS HEREBY ORDERED that:
26   1.   Plaintiff's complaint, filed June 15, 2016, is dismissed with leave to amend;
27   2.   Within fourteen (14) days from the date of service of this order, Plaintiff shall file
28        an amended complaint;

3. The Clerk of the Court is directed to issue civil new case documents in this action; and

4. Failure to file an amended complaint in compliance with this order will result in this action being dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated: **June 16, 2016**

UNITED STATES MAGISTRATE JUDGE